UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 3:12-CR-00022-LRH-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SCOTT H. SUMMERHAYS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant Scott H. Summerhays' ("Summerhays") Motion to Dismiss Counts 22 and 23 of the Indictment, filed on January 29, 2014. Doc. #100. The United States filed a Response in Opposition to Summerhays' Motion on February 3, 2014. Doc. #102.

In his Motion to Dismiss, Summerhays asserts that the charges in counts 22 and 23 are false and frivolous because a partnership agreement is not an identification document pursuant to 18 U.S.C. §1028(d)(3). *See* Doc. #100, p. 2. Summerhays misunderstands the statute under which he was charged. 18 U.S.C. §1028(a)(7) applies to a person who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law." "Means of identification" is further defined as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual including any name." 18 U.S.C.

§1028(d)(7)(A).  Moreover, the Ninth Circuit has confirmed that a forged signature is a "means of identification" under 18 U.S.C. §1028A because it constitutes the use of that person's name. *United States v. Blixt*, 548 F.3d 882, 886-87 (9th Cir. 2008).  Accordingly, the Court agrees with the Government that Summerhays is properly charged in counts 22 and 23 with a violation of 18 U.S.C. §1028(a)(7).

IT IS THEREFORE ORDERED that Summerhays' Motion to Dismiss (Doc. #100) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of February, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE